UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.: 06-309 |
| v. | (HHK) |
| JOHN GRAY, | |
| Defendant. | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

John Gray, by and through undersigned counsel, respectfully submits this Memorandum in aid of sentencing:

**I.    INTRODUCTION**

John Gray stands before the court having entered a pre-indictment plea to a single count of Theft of Government Property, in violation of Title 18, United States Code, Section 641. In the plea agreement, the defendant agreed he is accountable for the theft of $162,303.76, and has agreed to pay restitution in that amount to the U.S. Office of Personnel Management. The defendant by agreeing to restitution in the full amount has also agreed to waive the applicable statute of limitations applied to the calculation of the amount of loss for purposes of restitution.

The **Pre-Sentence Investigation Report ("PSR")** herein concludes that the Defendant's total offense level is 13. U.S.S.G. §§2B1.1(a)(2), 2B1.1(b)(1)(F) and 3E1.1. The defendant has a criminal history of zero points, placing him in criminal history category one. (U.S.S.G. Chapter 5, Part A). Thus, the guideline range for

imprisonment is 12 to 18 months. U.S.S.G. Chapter 5, Part A. As the above-referenced guideline sentence falls in Zone D of the Guidelines sentencing provisions, 12 months must be spent in prison Id. § 5C1.1(f).

The Defendant asserts that the facts in this case warrant a variance pursuant to United States v. Booker, 543 U.S. 220, (2005) and 18 U.S.C.A. § 3553(a) and will ask the court to impose a sentence of a duration that would allow the Defendant to serve the punitive portion in home detention. The Defendant also argues that a sentence within the Guideline Range recommended by the "PSR" would not be reasonable when the "*Factors to be Considered in Imposing a Sentence"* set forth in 18 U.S.C.A § 3553(a) are considered.

This memorandum will address these issues and outline additional mitigating facts to be considered by the Court.

**II.     STATEMENT OF FACTS**

As part of the plea agreement, the parties did stipulate to a **STATEMENT OF OFFENSE** that the Defendant adopts as if fully restated herein.

**III.    ARGUMENT**

    **A.     The Guideline Sentence Set Forth In The Pre-Sentence Investigation Report Would Not Be Reasonable After Consideration Of The Factors To Be Considered In Imposing A Sentence Under 18 U.S.C. 3553.**

As a result of the Supreme Court's ruling in Booker v. United States, 542 U.S. 220(2005), the United States Sentencing Guidelines are no longer mandatory but are rather one factor to be considered in determining a reasonable sentence in a criminal

2

case. The 180 degree change in the use of the sentencing guidelines mandated by Booker have already been developed further in this Circuit, expressed most clearly by Judge Henderson in her concurring opinion in United States v. Price, 409 F.3d 436 (D.C. Cir., 2005), in which she observed that :

> The district court's duty to consult the Guidelines is, however, quite different from the previous duty to apply them mandatorily. Now, in setting a particular sentence, the district court must "take account of the Guidelines together with other sentencing goals." (Citation to Booker omitted). This means that the district court *must* consider the criteria set forth in *section 3553(a)*, including the Guidelines sentencing range established for "the applicable category of offense committed by the applicable category of defendant" as well as policy statements of the Sentencing Commission. [citations omitted]… **What the practical difference between the duty to consult the Guidelines and the duty to apply them means under the "reasonableness" standard of review will emerge only on a case-by-case basis.** But it is clear that the duty to consult the Guidelines neither reduces them to "a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge." United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005), nor maintains de facto the mandatory sentencing regime declared unconstitutional in Booker,…"

United States v. Price, supra at 446 (concurring opinion of Karen L. Henderson, Circuit Judge. (Emphasis added).

The Court succinctly paraphrased those § 3553(a) "*factors to be considered in imposing a sentence*" to include, but not limited to, the following:

[1]   The nature of the offense;

[2]   The Defendant's history;

[3]   The need for the sentence to promote adequate deterrence;

[4]   [The need] to provide the Defendant with needed educational

3

        or vocational training;

[5]    Any pertinent policy statements issued by the Sentencing Commission;

[6]    The need to avoid unwarranted sentencing disparities among similarly situated Defendants;

[7]    The need to provide restitution to any victims.

Id. at 442.

An examination of those factors in light of the facts of this case demonstrate that the guideline sentence of 12 to 18 months incarceration would not result in a reasonable sentence when applied to this Defendant.

Defendant respectfully submits that there are a number of unusual facts in this case and in the Defendant's personal background and history that should lead this Court to the conclusion that the sentence sought by the government of 12 months is unreasonable. Defendant will not belabor each factor nor repeat what is already before the Court in the **Pre-Sentence Investigation Report.** A brief mention of the pertinent factors will suffice.

1.    <u>**Nature of the Offense-**</u> The Defendant has offered a candid explanation of the context of his actions in this case found in paragraph 16. of the "**PSI**". He indicated that shortly after his mother's passing his employer Wang Computer went bankrupt causing the Defendant to lose his employment with the company. His dire circumstances are neither offered as a justification or excuse for his conduct; they are more a reflection of his state of mind at the time the decision was made to violate the law. He has accepted legal responsibility for his actions at the earliest possible time

along with the resultant consequences of a felony conviction.

    2.    **History and Characteristics of the Defendant-** Mr. Gray's personal history is described in detail at paragraphs 28 through 39 of the **"PSI".** Mr. Gray's only prior conviction is a shoplifting conviction in Prince George's County, Maryland in 1970 when he was 18 years old. The government has argued that the Defendant's criminal history involving crimes of deception is consistent with his conduct in the instant case. The conspiracy to commit theft and deception charge and the issuing bad check charge were both dismissed under circumstances analogous to a case being no papered in this jurisdiction and thus no adverse conclusion should be drawn from the arrest. The government's assertion that the Defendant has a criminal history involving multiple crimes of deception is misplaced. On the contrary, Mr. Gray has borne the responsibility of raising his son and daughter and has helped them to matriculate to their respective positions as a college senior at Bethune-Cookman College in Daytona, Florida and a freshman at Johnson C. Smith University in Charlotte, North Carolina. Mr. Gray currently is paying on educational loans for both children as well as other expenses related to their education. Defendant submits that the government's categorization of his explanation of the use of the purloined money is overly literal and in no way is an attempt to minimize his culpability for the instant conduct. It is merely an expression that the monies were used more for everyday expenses then luxury items.

    The Defendant has worked for Giant Food for the last nineteen years as a clerk and earns an income of $57,000.00 per year. Despite his modest means

he has agreed to waive the application of the statute of limitations to the calculation of his restitution obligation and agreed to the repayment of the entire $ 162,303.76 to the the U.S. Office of Personnel Management. Defendant's recommendation for sentencing does not seek to avoid all retribution for his conduct. He simply is seeking an alternative that balances all of the competing interests and allows him to preserve his current employment at Giant while serving a punitive sentence in home detention. At age 55, with a felony conviction, it will be virtually impossible to obtain employment at his current income level with minimal transferable job experience or skills. Defendant's ability to repay his agreed to restitution amount can be greatly enhanced by the retention of his employment and its loss could delay its payment for years. The loss of his current employment could also be fatal to his children's efforts to complete their college education with the assistance of their father.

      3.    **<u>The Need for the Sentence to Promote Adequate Deterrence-</u>** This factor has been well served by all the ancillary consequences of the conviction including the loss of voting rights, potential loss of earnings, restitution obligation and outstanding punitive sanctions even under Defendant's proposed sentence.

      4.    **<u>The Need To Avoid Unwarranted Sentencing Disparities</u>**

Defendant readily acknowledges that his conduct in defrauding the federal government is inexcusable and warrants some punitive sanction. He argues that this plot evolved more from desperation than greed and asks that the court consider that as well as his early acceptance of responsibility in fashioning a sentence that

balances the government's need for retribution, the interest of the Office of Personnel Management in getting their money back in the shortest possible period of time and the needs of the Defendant's children to assistance from their father as they complete their education. It is in this backdrop that makes a six month period of home detention followed by supervision for the maximum period allowed a far more reasonable sentence than the one year of incarceration proposed by the government.

## IV     CONCLUSION

For the foregoing reasons, Defendant respectfully submits that he should receive a variance from the guideline sentence of 12 months incarceration to a six month period of home detention with full restitution and supervised release for the maximum period allowed. This could be augmented by any punitive conditions the Court would want to impose including a community service obligation. The guideline sentence of 12 to 18 months imprisonment as calculated by United States Probation would not be reasonable under Booker v. United States, 542 U.S. 220 (2005) and 18 U.S.C.§3553(a).

Respectfully submitted,

_____/s/_____
Harold D. Martin, # 368939
Robert Ades & Associates, P.C
1140 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 200036
(202)452-8080
email: hdmartin2@aol.com

7

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 7th day of February, 2007, I transmitted by first class mail and facsimile a copy of Defendant's Memorandum In Aid of Sentencing to:

Perham Gorji, Esquire
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20001

                                                                                                                   /s/
                                                       Harold D. Martin, # 368939